Zoa Rodríguez Mattei y Néstor Rodríguez Mattei, demandantes y apelantes, *v.* Elvira Rodríguez Cuevas, demandada y apelada.

No. 3904.—*Visto:* Junio 24, 1926. *Resuelto:* Julio 29, 1926.

1. Hijos Naturales—Del Reconocimiento—Reconocimiento Voluntario—Reconocimiento Auténtico y Fehaciente—En Acta de Nacimiento.—Aún cuando aparezca de un acta de nacimiento practicada en mayo, 1902 que ante el juez y su secretario compareció una persona, a inscribir una niña y la reconoció como su hija, si el acta no está firmada por dicha persona ni por dos testigos a su ruego porque no supiera firmar, no cabe sostener que dicha niña fuera reconocida en dicha acta de nacimiento.

2. Descendencia y Distribución—Derechos y Responsabilidad de los Herederos y "Distributees"—Naturaleza y Establecimiento del Derecho en General—Declaratoria de Herederos—Acción de Nulidad—Condiciones Previas para Anular la Declaratoria.—Hecha una declaratoria de herederos a favor de una persona, y basada aquélla en el reconocimiento de ésta como hija natural en acta de nacimiento, si de dicha acta no aparece reconocimiento alguno hecho por el padre, no es necesario solicitar la nulidad del acta antes de que pueda anularse dicha declaratoria.

3. Descendencia y Distribución—Derechos y Responsabilidades de Herede-
ros y "Distributees"—Naturaleza y Establecimiento del Derecho en
General—Declaratoria de Herederos—Acción de Nulidad—En General.
—Fundada una declaratoria de herederos en el hecho del reconocimiento de
la peticionaria como hija natural en acta de nacimiento, si la sentencia en
la declaratoria, según el juez, se basa en dicha acta, y de ésta no aparece
que el padre reconociera a la peticionaria como hija natural suya, no siendo
posible—para suplir el defecto del acta en cuanto al reconocimiento—presen-
tar en dicho procedimiento prueba testifical al efecto, la declaratoria de here-
deros debe anularse.

Sentencia de *R. H. Todd, Jr.,* J. (Ponce), declarando sin lugar la
demanda y contrademanda, con costas a los demandantes. *Re-
vocada,* declarándose con lugar la demanda, sin costas.

*Arjona & Arjona,* abogados de las apelantes; *Tomás Paz, Jr.* y
*Leopoldo Tormes,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
bunal.

La demanda en este pleito fué establecida por dos de los
hermanos de doble vínculo del fallecido Conrado Rodríguez
Mattei alegando que su dicho hermano murió siendo soltero
sin dejar descendientes ni ascendientes legítimos ni natura-
les, ni descendencia ilegítima por lo que a sus hermanos co-
rresponde su herencia y que Elvira Rodríguez Cuevas se hizo
declarar judicialmente única y universal heredera suya, por
haber sido reconocida por él como su hija natural, en el
acta de su nacimiento, sin que sea cierto que Conrado Ro-
dríguez Mattei reconociera a Elvira Rodríguez Cuevas como
hija natural suya en el acta de nacimiento de ella por lo que
no tiene derecho a su herencia y debe ser anulada la decla-
ratoria de heredera hecha a su favor, y cancelarse la ins-
cripción que produjo en el registro de la propiedad.

Se opuso Elvira Rodríguez Cuevas a esa demanda y for-
muló contrademanda para que se la declarase hija natural
reconocida de Conrado Rodríguez Mattei pero en el juicio no
presentó evidencia para probar las alegaciones que hizo a
tal fin, y la corte decidiendo por la prueba presentada por
los demandantes declaró sin lugar la demanda, siendo inter-
puesta esta apelación por los perjudicados por la sentencia.

Resulta de la prueba de los actores que Elvira Rodríguez Cuevas promovió en la Corte de Distrito de Ponce un expediente *ex parte* sobre declaratoria de herederos de Conrado Rodríguez Mattei alegando que éste había fallecido siendo soltero y por tanto sin descendientes legítimos, sin ascendientes por haber muerto ellos antes y sin testamento, según las investigaciones y registros verificados en las notarías del distrito, pero dejando como única heredera universal suya a la peticionaria por ser su hija natural debidamente reconocida por él en el acta de su nacimiento, y que intentaba valerse de la siguiente prueba: del acta de su nacimiento y de defunción de su padre por copias certificadas del registro civil correspondiente y además de la declaración verbal de dos testigos con conocimiento pleno de los hechos. En ese expediente aparece la certificación de defunción de Conrado Rodríguez y la del acta de nacimiento de Elvira Rodríguez Cuevas hecha en Maricao el 20 de mayo de 1902 de la que aparece que ante el juez municipal de dicho pueblo y ante su secretario suplente compareció Conrado Rodríguez Mattei, soltero, para inscribir a la niña Elvira, nacida el 16 de marzo de 1902 en el domicilio de su madre Monserrate Cuevas, y que dicha hembra la reconoce como hija suya el declarante Conrado Rodríguez de su libre y espontánea voluntad con la conformidad de la madre, siendo testigos las dos personas que expresa. Esa acta aparece firmada por el juez y los dos testigos pero no por Conrado Rodríguez Mattei. No consta en ese procedimiento *ex parte* la prueba testifical que se practicara y la Corte de Distrito de Ponce por su sentencia de 30 de julio de 1921, teniendo en cuenta la petición, la prueba documental y testifical aducida en el acto de la vista del expediente; que se justificó el fallecimiento *ab intestato* de Conrado Rodríguez Mattei ocurrido el 4 de marzo de 1921 en Yauco, su último domicilio, siendo soltero, y por tanto sin descendientes legítimos como tampoco ascendientes y por haber dejado como su única y universal heredera a la peticio-

naria, como su única hija natural reconocida por él en el acta de nacimiento, declaró a Elvira Rodríguez Cuevas única y universal heredera forzosa *ab intestato* de Conrado Rodríguez Mattei. En el juicio que motiva la sentencia apelada fué presentado como prueba el libro del registro civil en que consta original el acta de nacimiento cuya copia certificada fué presentada en el expediente sobre declaratoria de herederos y en esa acta original no aparece la firma de Conrado Rodríguez Mattei, y al referirse a los abuelos paternos de la niña, los padres de Conrado Rodríguez Mattei, están los apellidos Rodríguez y Mattei pero quedan los huecos para los nombres de esos abuelos.

La corte inferior admite, como la prueba demuestra, que el acta de nacimiento de Elvira Rodríguez Cuevas no está firmada por Conrado Rodríguez Mattei pero declaró sin lugar la demanda en que se solicita la declaración de nulidad de la declaratoria de heredera hecha a su favor porque entiende que para que pueda ser anulada la declaratoria es necesario solicitar antes la nulidad del acta de nacimiento de la demandada, y porque la deficiencia de la prueba documental presentada en la declaratoria de herederos sobre el reconocimiento de la demandada pudo ser subsanada por la prueba testifical que menciona el juez en su sentencia sobre declaratoria de herederos, fundamentos que en esta apelación se alega que son erróneos y que en efecto lo son.

[1, 2] Como Elvira Rodríguez Cuevas nació el 16 de marzo de 1902 y la inscripción de su nacimiento fué hecha el 20 de mayo del mismo año a las leyes entonces vigentes tenemos que referirnos.

Según el artículo 25 del Reglamento de Noviembre de 1884 para la ejecución de la Ley del Registro Civil entonces vigente todos los asientos de las respectivas secciones del registro civil tenían que ser firmados por el juez y el secretario, por las personas que hicieran la declaración o manifestación a que dichos asientos se refieren y por dos testigos

mayores de edad; y disponía el artículo 328 del Código Civil Español, que regía en dicha fecha y cuya promulgación fué posterior a la Ley del Registro Civil, que las inscripciones de nacimiento en el registro civil serían firmadas por su autor o por dos testigos a su ruego si no pudiere firmar. Y como el acta de nacimiento de Elvira Rodríguez Cuevas no está firmada por Conrado Rodríguez Mattei, ni por dos testigos a su ruego porque no supiera firmar, no puede sostenerse que la demandada fuera reconocida en el acta de su nacimiento por Conrado Rodríguez Mattei como hija natural suya y por consiguiente no tenía derecho a promover el expediente *ex parte* sobre declaratoria de heredera a su favor para el cual era necesario presentar o el acta de nacimiento en que conste el reconocimiento o el testamento en que se haya hecho u otro documento público en que conste (artículo 131 del Código Civil), como declaró este Tribunal Supremo en el caso de *Puente* v. *Puente,* 16 D.P.R. 583. Y puesto que por no estar firmada por Conrado Rodríguez Mattei el acta de nacimiento de la demandada en la que se dice que la reconoció como hija suya no existe reconocimiento alguno de su parte, no era necesario solicitar la declaración de su nulidad antes de que pueda ser anulada la declaratoria de herederos que motiva este pleito. Si él o dos testigos a su ruego hubiesen firmado esa acta entonces, de existir algún vicio que diera motivo a su nulidad haría necesaria la declaratoria de su nulidad, pero no cuando no aparece reconocimiento autorizado por el padre.

[3] Respecto al otro fundamento de la sentencia tampoco puede sostenerse que como el juez que hizo la declaración de herederos tuvo en cuenta prueba documental y testifical, en ese expediente de declaratoria de herederos ha podido suplirse el defecto de que adolece el acta de nacimiento, porque según la sentencia en la declaratoria de herederos el reconocimiento como hija natural constaba en el acta de nacimiento, por lo que no se fundó para ese hecho en otra prueba;

porque si fué necesario practicar otra prueba del reconocimiento independiente del acta de nacimiento, entonces no
existía en ésta el reconocimiento hecho por el padre y porque cuando no existe el reconocimiento en el acta de nacimiento, en testamento o en otro documento público, no es
posible en una declaratoria de herederos, que es un procedimiento *ex parte,* probarse y decidirse que la persona que
desea se la declare heredera es hija natural de la persona
a la que trata de heredar; y en el caso de *Puente* v. *Puente,*
*supra,* que era un procedimiento sobre declaratoria de herederos en el que una hija trató de probar que había sido reconocida por su padre, se dijo en la opinión escrita por el Juez
Sr. Del Toro lo siguiente:

"Los trámites de la ley sobre procedimientos legales especiales
a que hemos hecho referencia, no son los apropiados para la obtención de una sentencia declarando a una persona hijo natural reconocido de otra.   Ha sido la práctica constante que cuando el padre
omite o niega el reconocimiento, el hijo debe acudir al tribunal competente ejercitando la acción de filiación para obtener que el tribunal declare en una sentencia lo que omitió o se negó a declarar el
padre de una manera solemne.   Tal procedimiento es por su naturaleza contencioso y en él son partes además del hijo, el padre o sus
herederos y causa-habientes.

"Sólo cuando el hijo natural ha sido reconocido voluntaria y solemnemente por el padre o ha obtenido una sentencia reconociéndosele como tal, es que puede acudir a la ley de procedimientos legales especiales para obtener su declaratoria de herederos en los casos
de herencia intestada. . . . ."

El caso de *González Ramos* contra *González Ramos* que
hemos resuelto el 12 del presente mes y año también es de
aplicación al presente asunto.

Por consiguiente, habiéndose fundado el juez que dictó la
sentencia, según sus palabras, en un acta de nacimiento de
la que no aparece que el padre reconociera a Elvira Rodríguez Cuevas como hija natural suya, por no haberla firmado,
y no siendo posible que para suplir el defecto de esa acta en
cuanto al reconocimiento se pudiera presentar prueba testi-

fical la declaratoria de herederos que se impugna se fundó en un hecho equivocado y debe ser anulada.

El Juez Presidente Señor del Toro y Asociado Señor Hutchison, disintieron.