Zoa Rodríguez Mattei y Néstor Rodríguez Mattei, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 682.—*Sometido:* Mayo 30, 1927. *Resuelto:* Junio 25, 1927.

Récords—Cancelación en General—Inscripciones o Anotaciones en los Registros—En General.—Constituída hipoteca por una persona que según el registro es dueña de la finca hipotecada por haberla adquirido a título de herencia, no cabe cancelarla con la sola presentación en el registro de una sentencia por virtud de la cual la declaratoria de heredero fué anulada, sin resolver nada en concreto sobre la cancelación.

Nota de *Luis Capó Matres,* R. (San Germán), denegando cancelación de unas inscripciones solicitadas. *Confirmada.*

El recurrente ni el recurrido comparecieron por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Zoa y Néstor Rodríguez Mattei iniciaron un pleito en la Corte de Distrito de Ponce el 30 de octubre de 1924, contra Elvira Rodríguez Cuevas sobre nulidad de sentencia y otros extremos. La corte de distrito falló en su contra, pero esta Corte Suprema el 29 de julio de 1926 revocó el fallo y declaró

"con lugar la demanda y nula la sentencia de aquella Corte de Distrito de 30 de julio de 1921 que declaró única y universal heredera forzosa *ab intestato* del extinto Conrado Rodríguez y Mattei a su

hija natural reconocida Elvira Rodríguez Cuevas.'' (35 D.P.R. 883.)

Zoa y Néstor Rodríguez Mattei presentaron entonces en el Registro de la Propiedad de San Germán una copia certificada de la demanda y sentencia, a los efectos de que se cancelaran las inscripciones de los bienes de Conrado Rodríguez y Mattei hechas a favor de Elvira Rodríguez Cuevas a virtud de la declaratoria de herederos cuya nulidad .fué decretada por esta Corte Suprema, y el registrador se negó a ello

''por observarse . . . . que los condominios de la demandada Elvira Rodríguez Cuevas aparecen hipotecados por ella al tenedor o tenedores de dos pagarés, uno por $3,000 y otro por $2,000, cuya hipoteca aún aparece vigente y no consta de dichos documentos presentados que a los mismos se les haya dado conocimiento del pleito. . . . . Tampoco procede verificar la cancelación de las mencionadas inscripciones hereditarias a favor de Elvira Rodríguez Cuevas, porque de las mismas arranca . . . . el derecho real inscrito de los acreedores que son terceros, no *pendente lite,* pues el derecho de hipoteca fué inscrito el 23 de febrero de 1923 . . . . y no consta la anotación de dicha demanda en el Registro. Las causas . . . . que han dado origen a la sentencia (de nulidad) no aparecen del contexto de las inscripciones que se ordena cancelar. . . .''

En primer lugar estudiando la demanda y la sentencia de esta corte que, en copias certificadas, se archivaron en el registro, se observa que si bien en la súplica de la demanda se pidió que se declarara la nulidad y se ordenara la cancelación de las inscripciones hechas a favor de la demandada y de todas las inscripciones posteriores, la sentencia, se limitó a decretar la nulidad de la declaratoria de herederos. Claro es que nula la declaratoria, las inscripciones que en ella se fundaron caen por su base, pero lo cierto es que no hubo un pronunciamiento expreso sobre el particular y es que seguramente la corte tuvo en cuenta la probable existencia de terceros no oídos ni vencidos en el pleito.

Y en segundo lugar las constancias del registro demuestran la existencia de terceros. Mientras la demandada te-

nía su derecho inscrito, tomó a préstamo ciertas cantidades y garantizó su deuda con hipotecas. El acreedor adquirió así un derecho real que está vigente sobre los bienes inscritos de la persona que, según el registro, era su dueña, y de acuerdo con el artículo 34 de la Ley Hipotecaria tal derecho no puede perjudicarse aunque después se anule el derecho de la otorgante, ya que nada contrario al dominio de la misma constaba en el registro, según afirma el registrador, y el título de herederos que puedan tener Zoa y Néstor Rodríguez no aparecía inscrito con anterioridad. Es necesario esperar hasta que las hipotecas se extingan de algún modo para cancelar no sólo las inscripciones causadas por ellas mismas, sino las que le sirven de base o sea las verificadas a favor de Elvira Rodríguez Cuevas.

Parece conveniente hacer constar que ni los interesados ni el registrador han presentado alegatos. Fué éste un caso en que notificado el presentante de los documentos de la nota denegatoria, no los recogió a fin de que el mismo registrador los remitiera como los remitió, de acuerdo con la ley, al Tribunal Supremo.

*Se confirma la nota.*